## Watters v. DeMilio

748

*White, Williams & Scott,* for plaintiff.

*George M. D. Richards,* for defendant.

*John G. Cipko,* for garnishee.

McCREADY, P. J., October 7, 1957.—August 10, 1957, a writ of attachment execution issued against Gregory DeMilio, defendant, and Citizens National Bank of Lansford, garnishee, and Summit Hill Trust Company of Summit Hill, garnishee, directing the sheriff to attach all moneys, credits, choses in action and accounts in the nature of deposits and all other property of defendant, and directing the sheriff to notify Gregory DeMilio, defendant, that plaintiff has issued an attachment execution against him which he is required to defend, the amount of plaintiff's claim reduced to judgment being $11,730.25, with interest from July 9, 1956, and costs.

Depositions were taken on January 23, 1957, before Mary R. Engler, notary public in and for the County of Carbon, for the purpose of determining the real ownership of a certain deposit account standing in the name of Gregory DeMilio or his wife in Summit Hill Trust Company of Summit Hill.

March 14, 1957, a stipulation for trial before the court without a jury was filed by counsel.

It appearing that defendant, Gregory DeMilio, had no money on deposit in Citizens National Bank of Lansford, on motion of C. L. Cushmore, Esq., counsel for plaintiff, a nonsuit was entered as to Citizens National Bank of Lansford.

A hearing was held on March 14, 1957, and from the testimony adduced the court finds the following facts:

## Findings of Fact

1. August 20, 1946, an account was opened with Summit Hill Trust Company of Summit Hill, in the name of "Jennie DeMilio or Gregory DeMilio", as per the signature card filed in said bank. There was no express written contract with Summit Hill Trust Company, but it was understood that either of the above named depositors could withdraw funds from the account.

2. Gregory DeMilio never had a separate or individual account in Summit Hill Trust Company of Summit Hill, garnishee herein.

3. Gregory DeMilio has not made any deposits or withdrawals in this account in the past three or four years.

4. Summit Hill Trust Company of Summit Hill has no knowledge of any source from which Jennie DeMilio gets the money which she deposits in this account.

5. It has always been the practice of Gregory DeMilio, defendant, to turn his paycheck over to his wife and he does not know what she does with his paychecks.

6. Jennie DeMilio pays all the expenses of the family.

7. December 24, 1953, when suit in assumpsit, filed to no. 43, January term, 1954, was commenced, and at all times thereafter, defendant, Gregory DeMilio, was insolvent.

8. Gregory DeMilio, during the entire period in question, was employed as a manager of a business owned by his wife, receiving a salary of $100, or sometimes more than that, per week, paid by check, usually every two weeks, sometimes with deductions for withholding or Social Security.

9. It has been the practice of defendant to endorse his salary check and turn it over to his wife for deposit.

10. Admittedly, regular deposits every week or every two weeks in the joint account represented defendant's salary, and such deposits were as follows:

November 15, 1954, $100; November 26, 1954, $100; December 21, 1954, $204.46; January 27, 1955, $150; February 21, 1955, $100; March 4, 1955, $100; April 4, 1955, $150; April 15, 1955, $100; April 29, 1955, $100; May 13, 1955, $100; June 10, 1955, $100; June 24, 1955, $101.50; July 8, 1955, $150; August 5, 1955, $100; August 19, 1955, $100; September 19, 1955, $100; October 14, 1955, $100; November 4, 1955, $104.60; November 14, 1955, $185.60; November 25, 1955, $181.60; December 9, 1955, $187.50; December 23, 1955, $195.78; January 3, 1956, $125; January 24, 1956, $110.25; February 3, 1956, $147.75; February 23, 1956, $150; March 6, 1956, $100; March 16, 1956, $150; April 3, 1956, $187.50; April 13, 1956, $217.60; April 27, 1956, $160.25; May 14, 1956, $170; May 25, 1956, $180; June 8, 1956, $200; June 22, 1956, $200; July 20, 1956, $217.60; Total deposits, $5,126.99.

11. The amount in the joint account, when the attachment was served, was $2,757.27.

12. There is no evidence that any transfers of funds from defendant, Gregory DeMilio, to Jennie DeMilio or to the joint account were for a valuable consideration.

### Discussion

It is the contention of defendant that the joint account in Summit Hill Trust Company of Summit Hill, constituted a tenancy by entireties and such account cannot become the subject of attachment. It is the contention of plaintiff that, under the testimony adduced in this case, this account is without any express written contract and the bank and the depositors had agreed orally that the bank would honor withdrawals by either husband or wife and that under the circumstances the bank account cannot be considered to be held in a

tenacy by entireties and that an entireties holding would require both husband and wife to sign each check.

Where property is held in the names of husband and wife, the presumption is that they hold it by entireties and not as ordinary joint tenants nor as tenants in common. Bank deposits and similar choses in action, payable to husband and wife, or to husband or wife, are tenancies by entireties with all the incidents relating thereto. The unity of control essential for an estate by the entireties may exist even though either spouse is authorized to act authoratively for both. Either spouse presumptively has the power to act for both, so long as the marriage subsists, in matters of entireties, without any specific authorization, provided the proceeds of such action inure to the benefit of both and the estate is not terminated, but neither may by such action destroy the true purpose of the estate by attempting to convert it or part of it, in bad faith, into one in severalty. Quoting this law from Madden v. Gosztonyi Savings and Trust Company, 331 Pa. 476, we can readily conclude that this account was a tenancy by entireties and, upon the death of either husband or wife, the survivor would become the sole owner of the amount remaining in the account. However, the law does not sanction and will not permit the use of a joint account creating a tenancy by entireties to be used for the purpose of defrauding creditors of the husband.

The evidence adduced establishes that Gregory De-Milio endorsed his paycheck and gave it to his wife to deposit in the joint account and, beginning with the period of November 15, 1954, and ending July 20, 1956, the sum of $5,126.99 was deposited in this joint account representing the salary checks received by Gregory DeMilio during that period of time and endorsed and delivered to his wife for deposit. It must be noted that this sum was deposited after defendant had become

insolvent on December 24, 1953, and at all times thereafter.

Defendant contends that his salary check was endorsed and delivered to his wife to meet the expenses incidental to the support and maintenance of himself, his wife and his family of two children. It is conceded by plaintiff that any withdrawals from this account for the insolvent's expenses for the support and maintenance of himself, his wife and his family of two children, for food, clothing, medical expenses, taxes on the real estate held as tenants by the entireties and interest paid on mortgage on property as tenants by the entireties, would be a legitimate employment of his money out of this account and cannot be considered a conveyance fraudulent in law as to his creditors, but plaintiff further contends that no credit should be given such withdrawals because this record is devoid of evidence of withdrawals for insolvent's expenses for such purposes.

In the case of Welker v. Strohmeyer, 45 Berks 21, we find the following, as page 29:

"The chancellor is aware of the principle that an insolvent's expenses for the maintenance of his family, if shown to be reasonable and necessary, may be a legitimate employment of his money in hand, and will not in such case be considered a conveyance fraudulent in law as to his creditors."

This record is devoid of evidence from which the court could find any amounts of the withdrawals which had been used for the insolvent's expenses, and while reasonable and necessary expenses for the maintenance of his family could not be considered a conveyance fraudulent in law to his creditors, such items as food, clothing, medical expenses, taxes paid on the real estate held as tenants by entireties and interest paid on mortgage on property held as tenants by the entireties, the record being devoid of such evidence, defendant

has not met the burden of proof in establishing any amount which could be considered as a defense which is not fraudulent in law as to his creditors.

The general rule of law is that conveyances without a fair consideration made by an insolvent debtor in diminution of his assets must be held to be fraudulent under law and against the creditors of the insolvent, and under this record the court can come to but one conclusion, that the evidence of record does not meet the burden of proof required of defendant that the money withdrawn from the joint account, or that any of the money deposited by the insolvent defendant, was used for the insolvent's expenses for the maintenance of himself, his wife and his family of two children and, consequently, the endorsement of the salary checks delivered to his wife for deposit in this account is fraudulent under law as to his creditors: Walker v. Strohmeyer, supra.

### Conclusion of Law

Plaintiff is entitled to judgment in this matter against Summit Hill Trust Company of Summit Hill, garnishee, in the amount of $2,757.27, less garnishee's counsel fee and costs totaling $13.75.

### Verdict

Now, to wit, October 9, 1957, the trial judge, sitting as a court without a jury, finds a verdict in favor of plaintiff and against Summit Hill Trust Company of Summit Hill, garnishee, in the amount of $2,757.27, less garnishee's counsel fee and costs totaling $13.75; notice of said verdict shall be given by the prothonotary to the parties or their attorneys and if no exceptions are filed within 30 days after service of such notice, judgment shall be entered thereon in favor of plaintiff and against Summit Hill Trust Company of Summit Hill, garnishee, in the amount of $2,757.27, less garnishee's counsel fee and costs totaling $13.75.